UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL S. KEMPNER AND : <br> JAMES P. SCHWARZ, INDIVIDUALLY : <br> AND ON BEHALF OF A CLASS : <br> CONSISTING OF CONNECTICUT : <br> CITIZENS WHO RESIDE IN : <br> MUNICIPALITIES OTHER THAN : <br> GREENWICH : <br>               Plaintiff, : <br> : <br> vs. : <br> : <br> TOWN OF GREENWICH, : <br> : <br>               Defendant. : | CIVIL ACTION NO. <br> 3-06-cv-1393 (JCH) <br><br> FEBRUARY 19, 2008 |

**RULING RE: PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND
APPOINTMENT OF CLASS COUNSEL (DOC. NO. 56)**

**I.     INTRODUCTION**

The plaintiff, Paul S. Kempner, ("Kempner"), filed this class action on August 29, 2006, against defendant Town of Greenwich ("Town"), asserting violation of his rights under the First Amendment to the Constitution of the United States, as enforced under 42 U.S.C. § 1983, and under the Common Law and Constitution of the State of Connecticut.  After the court ruled on Kempner's Motion for Summary Judgment and two Motions to Dismiss by the Town, Kempner filed his Third Amended Complaint (Doc. No. 51) which joins a new named plaintiff, James P. Schwarz (collectively with Kempner "plaintiffs"), defines the purported class and states claims for injunctive, nominal and actual damages for violations of the First and Fourteenth Amendments to the Constitution, Article First §§ 4, 5 and 14 of the Connecticut Constitution and Connecticut Common Law.  See Third Amended Complaint.  Plaintiffs move the court

to certify the class and appoint class counsel.

## II.  STANDARD OF REVIEW

In In Re Initial Public Offerings Securities Litigation, 471 F.3d 24, 41 (2d Cir. 2006), the Second Circuit defined the standard district courts are to use in deciding class certification motions.  A "district judge may certify a class only after making determinations that each of the Rule 23 requirements have been met."  Id.  These determinations "can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met."  Id.

## IV.  DISCUSSION

To maintain a class action, a plaintiff must establish the four prerequisites of every class action found in Federal Rule of Civil Procedure 23(a) and satisfy at least one of the prerequisites found in Rule 23(b).  See FED.R.CIV.P. 23(a) and 23(b).  Under Rule 23(a) a proposed class is proper if

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Id. at (a).  These prerequisites are usually known as "numerosity, commonality, typicality, and adequacy of representation."  In Re Initial Public Offerings, 471 F.3d at 33.  In addition, the purported class must satisfy one of the prerequisites found in Rule 23(b).  Plaintiffs assert that the purported class satisfies the requirements of either Rule

23(b)(1) or 23(b)(2).  See Pl.'s Mem. in Supp. of Mot. to Cert. Class. at 10 (Doc. No. 56).

Plaintiffs move the court to certify a class:

> consisting of all Connecticut citizens, who (a) reside in municipalities other than Greenwich; (b) desire access to the traditional public forums of Greenwich via either (i) foot or (ii) any type of locomotion that is powered by the human body, e.g., bicycles, roller blades or roller skates; and (c) demand such access upon the same terms as access is granted by Greenwich to citizens of Connecticut, who reside in Greenwich . . . .

Third Amended Complaint at ¶ 3.

Before addressing the class certification rule, the court finds that the proposed class cannot be certified because it contains members who do not have standing under Article III of the Constitution.  See Denny v. Deutsche Bank AG, 443 F.3d 253, 263 (2d Cir. 2006).  In Denny, the Second Circuit stated that "no class may be certified that contains members lacking Article III standing."  Id. at 264 (internal citations omitted).  Article III standing requires that a plaintiff "must have suffered an 'injury in fact' that is 'distinct and palpable;' the injury must be fairly traceable to the challenged action; and the injury must be likely redressable by a favorable decision."  Id. at 263 (internal citations omitted).  While each member of a class is not required to submit evidence of personal standing, the class "must be defined in such a way that anyone within it would have standing."  Id.

The plaintiffs' proposed class makes no distinction between those residents of the State of Connecticut who have suffered or will suffer a violation of their rights due to the Town's beach access policy, and those who have not, or will not, suffer injury because they have never engaged, nor intended to engage, in speech in a Greenwich

3

beach park.  See e.g. Adashunas v. Negley, 626 F.2d 600, 604 (7th Cir. 1980)(denying class certification where proposed class was so "amorphous and diverse" that "it cannot be reasonably clear that the proposed class members have all suffered a constitutional or statutory violation warranting some relief").  Furthermore, plaintiffs' proposed class contains members, such as those Connecticut residents over the age of 64, who cannot have article III standing, at least as to future injury, because the Town's beach access policy, as it currently exists, does not require them to pay any fee to enter the Town's beach parks.[1]  See Town's Beach Access Policy, Ex A to Def.'s Mem. in Supp. to Mot. to Dismiss Claim for Inj. Relief on Mootness Grounds (Doc. No. 31).

The court is aware that it has the ability, pursuant to Rule 23(c)(4)(B), "to alter or modify the class, create subclasses, and decertify the class wherever warranted." Hevesi v. Citigroup, Inc., 366 F.3d 70, 85 (2d Cir. 2004)(citing In Re Sumitomo Copper Litigation, 262 F.3d 134, 139 (2d Cir. 2001).  However, even were the court to redefine the proposed class so as to eliminate those members without standing under Article III, the plaintiffs' proposed class could not be certified because the plaintiffs have failed to establish that the proposed class satisfies the numerosity requirement.

To establish numerosity, plaintiffs are not required to show "evidence of exact class size or identity of class members."  Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993).  However, as discussed above, a "district judge may certify a class only after making determinations that each of the Rule 23 requirements have been met."  In In Re

---

[1] The court notes that this general lack of standing for citizens over 64 does not apply to Kempner because the court found Kempner fell into the narrow exception to mootness identified by the Second Circuit in Trachtman v. Anker, 563 F.2d 512, 514 (2d Cir. 1977), that allows a plaintiff's claim to proceed after defendant has voluntarily changed the policy at issue before the case is resolved.  See Ruling on 6-7.

4

Initial Public Offerings Securities Litigation, 471 F.3d at 41.  These determinations require that a court "finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met."  Id.  The court finds that Plaintiffs have pointed to no persuasive evidence that "the class is so numerous that joinder of all members is impracticable."  Fed.R.Civ.P. 23(a).  The only evidence plaintiffs cite to support their numerosity argument is that "Connecticut had 3,510,297 citizens of which 62,236 reside in Greenwich."  Pl.'s Mem. in Supp. of Mot. to Cert. Class at 5 (Doc. No. 52)(citing Complaint at ¶4 and Answer at ¶4).  This evidence does nothing to persuade the court that there are so many citizens in Connecticut who "desire access to the traditional public forums of Greenwich" that joinder of every one of them would be impractical.

Furthermore, the plaintiffs correctly quote language from Robidoux v. Celani, 987 F.2d 931, 936 (2d Cir. 1993), that "determination of practicability [of joinder] depends on all the circumstances surrounding a case, not on mere numbers."  See Pl.'s Mem. at 4.  Such circumstances include "judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members."  Robidoux, 987 F.2d at 936.  Plaintiffs, however, have provided the court with no evidence by which to weigh these additional circumstances.  As such, plaintiffs have further failed to establish numerosity under Rule 23.  See  In Re Initial Public Offerings Securities Litigation, 471 F.3d at 41.

## V. CONCLUSION

For the forgoing reasons, the Plaintiffs' Motion for Class Certification and Appointment of Class Counsel (Doc. No. 56) is DENIED. Defendant's Motion on Consent for Extension of Time (Doc. No. 63) is DENIED. The parties will comply with the pre-trial deadlines established in the Final Pre-trial Order (Doc. No. 62).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 19th day of February, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge