UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL S. KEMPNER and<br>JAMES P. SCHWARZ<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>TOWN OF GREENWICH,<br><br>　　　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO.<br>3-06-CV-1393 (JCH)<br><br>MAY 20, 2008 |

**RULING RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC.
NO. 65) AND PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT
(DOC. NO. 68)**

**I.　INTRODUCTION**

The plaintiffs, Paul S. Kempner and James P. Schwarz (collectively "plaintiffs"), filed this action against defendant, Town of Greenwich ("Town"), claiming violation of their rights under the First Amendment to the Constitution of the United States,[1] as enforced under 42 U.S.C. § 1983, and under the common law and Constitution of the State of Connecticut.[2] Plaintiffs allege that the Town's Beach Access Policy (the

---

[1]The court notes that plaintiffs' complaint states that the plaintiffs "desire to exercise their rights of association and speech in traditional public forums located within Greenwich." See Third Amended Complaint at ¶ 51 (Doc. No. 51). At no point in this action did plaintiffs argue to the court that their associational rights were violated; therefore the court assumes that plaintiffs have abandoned any claim to violation of their right to association under the First Amendment. See Pl.s' Mem. in Opp. to Def.'s Mot. for Summ. Judg. and in Supp. of Pl.s' Mot. for Summ. Judg. ("Pl.s' Mem.") (Doc. No. 68). In the event that plaintiffs had pressed an associational claim, it would have failed because the type of casual association plaintiffs have engaged in with strangers in Greenwich parks, see, infra, Section III, is "social association" that is neither "intimate" or "expressive," and thus not protected by the First Amendment. Dallas v. Stanglin, 490 U.S. 19, 25 (1989).

[2]During oral argument on April 3, 2008, plaintiffs agreed with defense counsel's suggestion that the claim under the Connecticut Constitution was analytically identical to the claim under the First Amendment to the Constitution of the United States. See Transcript of

"Policy") unlawfully discriminates against non-residents of the Town by charging them more to enter the Town's beach parks than Town residents. Plaintiffs seek an injunction preventing the Town from enforcing the Policy, nominal damages, attorneys' fees, and costs for this action. The Town moved for Summary Judgment on all of plaintiffs' claims. See Def.'s Mot. for Sum. Judg. (Doc. No. 65). Plaintiffs cross moved for summary judgment as to all of their claims, except for Kempner's claims for actual damages. See Pl.s' Mem. at 7. At the time set for trial, the parties agreed that the court could enter judgment on all claims based on the record submitted to it, and not objected to, by both sides. Therefore, while this Ruling addresses the parties' summary judgment briefs, it is a final Ruling on the merits of this case.

## II. FINDINGS OF FACT[3]

Kempner, age seventy-seven, is a resident of Stamford, Connecticut, and an

---

Hearing held April 3, 2008 (Doc. No. 75). Therefore, the court's ruling on the First Amendment claim will also control the state constitution claim. The plaintiffs have expressly abandoned the common law claim asserted in their Third Amended Complaint. See Joint Trial Memo at 3 (Doc. No. 69).

[3]Plaintiffs did not file a statement of facts in accordance with Local Rule of Civil Procedure 56(a)(2) which requires that "the papers opposing a motion for summary judgment shall include a document entitled 'Local Rule 56(a)(2) Statement,' which states in separately numbered paragraphs . . . whether each of the facts asserted by the moving party is admitted or denied." LOC. R. CIV. P. 56(a)(2). Local Rule 56(a)(3) provides that,

> Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in the evidence admitted in accordance with Rule 56(a)(1) or in the Court imposing sanctions, including . . . when the opponent fails to comply, an order granting the motion if the undisputed facts show that the movant is entitled to judgment as a matter of law.

LOC. R. CIV. P. 56(a)(3). Given that plaintiffs have not only failed to provide "specific citations," but have failed to file any statement in accordance with Rule 56(a)(2), any facts asserted in the Town's Rule 56(a)(1) Statement that are supported by evidence, and not addressed in plaintiffs' Rule 56(a)(1) Statement, will be deemed admitted by the court.

2

avid cyclist. On June 8, 2005, Kempner rode his bike to Greenwich Point, a public park in Greenwich, Connecticut. Upon reaching the park, the guard at the entrance told Kempner not to enter because he did not have a non-resident beach pass; Kempner entered despite the warning, did several loops around the park's internal roads, and left. He does not recall speaking to anyone while riding through the park that day. When Kempner left the park, he was stopped by a police officer who wrote him a summons for simple trespass. He spoke to the officer at that time, but does not recall the conversation other than that he apologized that the officer had been bothered. Kempner engaged counsel to defend the ticket; the charge was eventually nolled.

Kempner attempted to ride his bike through Byram Beach, another Greenwich park, in the summer of 2005. See Kempner Depo. at 35, Ex. A to Bainton Decl. (Doc. No. 68). When the guard asked him not to enter without a pass, he did not enter. See id. Kempner rode his bike through Greenwich Point twelve additional times in the summer of 2005; he cannot recall whether he rode with others or had conversations with anyone during any of those trips. Several times on those rides he was stopped by police officers on his way into the park who politely asked him not to go in; he went in despite their requests. See id. at 46 (Doc. No. 68). During some of those visits, Kempner "chatted" with the park employee at the entrance booth to the park. Id. at 47. During one of those rides, Kempner was interviewed by a member of the media in the park. See id. at 89. In March 2006, Kempner was billed $120 by the Town for his twelve visits based on the then applicable $10 access fee.

Kempner states that he has "talked to many people" during his rides in Greenwich Point and that he has met people when he stopped at the men's room. See

3

Kempner Depo at 46. Kempner learned from the newspaper that the Town changed its Policy in February 2007, to permit all persons over the age of 64 to enter the Town's beaches at any time without paying a fee.

Schwarz is a fifty-one year old resident of Stamford. Schwarz has occasionally visited the Greenwich parks by bicycle in the past and has engaged in casual conversation with people he encountered there. Schwartz recalls visiting the park in 2005 with his wife and discussing how the view had changed following the September 11, 2001 terrorist attacks. He recalls attempting to enter the park in the fall of 2006, but being turned away for not having a non-resident day pass. He also recalls visiting in 2007. He has never purchased a day pass to visit a Greenwich park.

### III.    CONCLUSIONS OF LAW

####         A.    Plaintiffs' Standing to Seek Injunctive Relief

The Town argues that plaintiffs' request for injunctive relief must be dismissed because plaintiffs have failed to demonstrate that they have suffered an "injury in fact" sufficient to establish standing to seek injunctive relief. Def.'s Mem. in Supp. of Mot. for Summ. Judge ("Def.'s Mem. in Supp.") at 13 (Doc. No. 66). Standing to bring suit in federal court includes both prudential considerations and a constitutional component. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The constitutional component is "an essential and unchanging part of the case-or-controversy requirement of Article III." Id. The "irreducible constitutional minimum of standing" contains three elements. Id.

> First, the plaintiff must have suffered an "injury in fact" - an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must

> be a casual connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Id. at 560-1 (internal quotations marks omitted)(internal citations omitted).

To establish standing for injunctive relief, "past exposure to illegal conduct" does not suffice, absent "continuing, present adverse effects." Id. at 564 (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (quoting O'Shea v. Littleton, 414 U.S. 488, 495-6 (1974))). To establish standing for a challenge under the First Amendment, a plaintiff need not "demonstrate to a certainty that [he] will be prosecuted under the statute to show injury, but only that [he] has an actual and well-founded fear that the law will be enforced against [him]." Vermont Right to Life Comm. v. Sorrell, 221 F.3d 376, 382 (2d Cir. 2000) (quoting Virginia v. American Booksellers Ass'n., 484 U.S. 383, 393 (1988)) (internal quotation marks omitted). "When the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest . . . he should not be required to await and undergo a criminal prosecution as the sole means of seeking relief." Id. (internal citation and quotation omitted). However, plaintiffs' intention to engaged in protected activity may not be merely hypothetical. See Brooklyn Legal Services Corp. v. Legal Services Corp., 462 F.3d 219, 227 (2006) (finding plaintiff had standing because written proposal evinced intent to engage in protected activity was "sincere").

Defendant argues that, "Plaintiffs' deposition testimony belies any suggestion that they have specific plans to engage in protected speech at the Greenwich beaches." Def.'s Mem. in Supp. at 17. In support of this proposition, defendants point out that

Kempner "does not stop on his rides though Greenwich Point," suggesting that in the past he has not intended to engage in speech there, and that he has not visited the parks at all since 2005. See Def.'s 56(a)(1) Stat. at ¶¶ 10 and 12.[4] The Town points out that Schwarz has never attempted to purchase a day pass to visit the Greenwich Parks and that he "has not visited the parks with the intention of engaging in speech." Id. at ¶¶ 23 and 39.

The plaintiffs' response is merely to argue that, "both Plaintiffs have suffered damages which constitute a distinct and palpable injury, and which are fairly traceable to the Beach Policies imposed by the Town at different times. Plaintiffs therefore have standing to pursue this action." Pl.s' Mem. in Opp. to Def.'s Mot. for Summ. Judg. and in Supp. of Pl.s' Mot. for Summ. Judg. ("Pl.s' Mem.") at 5 (Doc. No. 68). However, plaintiffs do not direct the court to any facts from which it could conclude that plaintiffs face immediate harm to their First Amendment rights such that injunctive relief would be warranted. See Pl.s' Mem. in Supp. at 5-6. In their proposed findings of fact, the plaintiffs conclusorily assert that they "desire to exercise their rights of association and speech in traditional public forums located within Greenwich . . . ." Pl.s' Proposed Findings of Fact at 5, Ex. D to Final Joint Pretrial Memo. (Doc. No. 69). Plaintiffs made this same assertion in their complaint. See Third Amended Class Action Complaint at ¶ 51 (Doc. No. 51). However, neither a pretrial memorandum nor a complaint are evidence upon which the court can determine whether plaintiffs have standing to claim injunctive relief. See Lujan, 504 U.S. at 561 ("general factual allegations" suffice only at

---

[4]See discussion of Local Rule 56 at footnote 3, infra.

the pleading stage.)

In oral argument on April 16, 2008, plaintiffs' counsel argued that plaintiffs' deposition testimony demonstrated they would be imminently injured because plaintiffs stated that they would visit the beach in the future, but for the fee. While counsel did not provide the court a citation to the relevant portions of the plaintiffs' depositions, the court has reviewed all of the portions of both Kempner and Schwarz's depositions which were submitted to the court. See Kempner's Depo., Ex. A to Bainton Decl. (Doc. No. 68), Schwarz's Depo., Ex. B to Bainton Decl. (Doc. No. 68), Kempner's Depo., Ex. A to Def.'s 56(a)(2) Stat. of Mat. Facts in Dispute ("Def.'s 56(a)(2) Stat.") (Doc. No. 73), Schwarz's Depo., Ex. C to Def.'s Rule 56(a)(2) Stat. (Doc. No. 73), Kempner's Depo., Def.'s 56(a)(1) Stat., Ex. A (Doc. No. 67), and Schwarz's Depo., Def.'s 56(a)(1) Stat., Ex. B). The court found no evidence that would support a finding of imminent injury to a legally protected interest of Kempner or Schwarz.

The only statements in their depositions that arguably relate to visiting the beaches in the future are: (1) Kempner's statement that he has not gone to the beach since the policy was changed to permit those over 64 to enter without charge because "Greenwich didn't change the policy the way we feel it should be changed." Kempner's Depo. at 74, Def.'s 56(a)(2) Stat., Ex. A; (2) Schwarz's statement that he "would go [to the Greenwich parks] more often if it was open access," though he did not make any statement suggesting that he intended to engage in any protected activity there. Schwarz's Depo. at 60, Def.'s 56(a)(1) Stat., Ex. B. The court finds that these statements do not demonstrate a sincere intention to visit the Greenwich beach parks to exercise rights under the First Amendment in the future. As such, Plaintiffs lack

7

standing to seek injunctive relief against the Town. See Brooklyn Legal Services Corp. v. Legal Services Corp., 462 F.3d at 227 (2006).

Plaintiffs incorrectly argue that their standing is "bolstered by the fact that an exception to traditional standing requirements applies in cases dealing with the area of freedom of expression." Pl.s' Mem. at 5. Plaintiffs are correct that, "in a narrow class of First Amendment cases, the Supreme Court has relaxed [the limitation on third-party standing] and allowed litigants to seek redress for violations of the rights of others." Bordell v. General Electric Co., 922 F.2d 1057, 1061 (2d Cir. 1991). However, this "slender exception" applies only to the prudential limits on standing. Id. The exception allowing third party standing in First Amendment cases "does not affect the rigid constitutional requirement that plaintiffs must demonstrate an injury in fact to invoke a federal court's jurisdiction." Id.

Plaintiffs' counsel's statements at oral argument made clear that plaintiffs sought to bring a claim that was an extension of, but entirely analogous to, that brought before the Connecticut Supreme Court in Leydon v. Town of Greenwich, 257 Conn. 318 (2001). However, unlike the plaintiff in Leydon, plaintiffs have failed to create a record on which the court can find that they face the prospect of imminent injury as a result of the Town's Beach Access Policy. See id. at 328 n. 13. The Connecticut Supreme Court noted that Leydon testified, without contradiction, that "if permitted to enter Greenwich Point, he intended to use the park both for recreational activities *and* to discuss issues of importance to him and to the public, including the use of beach

8

property by members of the general public."[5]  Id. (emphasis in original).  While it seems either plaintiff might have been able to establish standing in much the way Leydon did, the court notes that plaintiffs have created no such record here.  Because the plaintiffs have identified no facts on which the court could conclude that they face the prospect of imminent injury as a result of the Town's Beach Access Policy, the plaintiffs' claims for injunctive relief are dismissed for lack of subject matter jurisdiction.

   B.   Plaintiffs' Standing to Assert Claims for Nominal Damages

The Town argues that plaintiffs do not have standing to assert a past violation of their First Amendment rights because, "Plaintiffs have not engaged in protected speech in the Greenwich Beaches in the past."  Def.'s Mem. in Supp. at 15; see also Def.'s Mem. in Supp. at 13 n.8.  Plaintiffs contend that their sworn testimony proves that "there have been numerous instances where both Plaintiffs exercised their rights of free speech."  Pl.s' Mem. at 3.

      1.   Schwarz's Standing to Assert a Claim for Nominal Damages

Schwarz claims to have engaged in protected First Amendment expression when he "had various discussions with people he has encountered at the Greenwich Beaches."  Pl.s' Mem. at 4.  Schwarz did not pay a fee to enter the park in any of the instances in which he recalls engaging in speech there.  See Def.'s 56(a)(1) Stat. at ¶ 23.  Assuming arguendo that those conversations were protected speech, a question the court does not reach, the contested non-resident fee could not have burdened his

---

[5]The court notes that it does not appear from the Connecticut Supreme Court's decision in Leydon that standing was an issue raised by the parties in that suit.  See Leydon, 257 Conn. at 328 n. 13.

9

constitutional rights when it was not applied.[6]  Therefore, because Schwarz was not constitutionally injured in those instances, he cannot establish that he has standing to assert a claim for nominal damages.

The only action by Schwarz remaining for the court's consideration is a trip he made to Greenwich Point with his wife by bicycle at some time in November 2006, in which they were turned away by a guard because they lacked a pass.  See id. at ¶ 22.  Schwarz told the guard who turned them away that they "just wanted to ride the bikes through."  Id.

Schwarz's admission that he and his wife "just wanted to ride the bikes through" is fatal to his Article III standing on his claim for damages.  Defendants argue, and both plaintiffs and the court agree, that plaintiffs' bicycle riding in-and-of-itself is not expressive activity in this context.  See Def.'s Mem. in Supp. at 15 n.10 (collecting cases); see e.g. City of Dallas v. Stanglin, 490 U.S. 19, 25 (1989) (recreational dancing is neither speech nor association protected under First Amendment); Young v. New York City Transit Authority, 903 F.2d 146, 153-4 (1990) (panhandling not speech or otherwise expressive conduct protected under First Amendment) .  Therefore, Schwarz merely being turned away from riding his bike through the park does not state a violation of Schwarz's First Amendment right to free expression.

Given that Schwarz has come forward with no evidence on which this court can

---

[6]The court notes that plaintiffs' sole argument that they are entitled to nominal damages is that there "have been numerous instances where both Plaintiffs exercised their rights of free speech."  Pls.' Mem. at 3.  Plaintiffs do not argue that there were past instances in which plaintiffs would have gone to the Town's parks to exercise their First Amendment rights, but chose not to because they found the Beach Access Fee prohibitive.

conclude that the Town's Beach Access policy violated his First Amendment rights, the court concludes that Schwarz has not shown any injury to a legally protected interest that he has suffered due to the Town's Beach Access Policy. Thus, he fails to meet the injury-in-fact requirement for standing pursuant to Article III of the Constitution. Therefore, Schwarz's claim for nominal damages is dismissed for lack of subject matter jurisdiction.

          2.      Kempner's Standing to Assert a Claim for Nominal Damages

In response to the Town's argument that Kempner has not engaged in any protected speech at the Town's parks, Kempner argues that he has engaged in protected speech, including "discussions on varying topics with individuals he encountered while at the Greenwich Beaches" and "specific discussions regarding the Beach Policy with security personnel, beach administrators, police officers, and reporters." Pl.'s Mem. at 3-4. The Town argues that none of the instances of conversation he engaged in were "constitutionally protected speech." Def.'s Reply at 6. The court disagrees.

The Town argues that the casual conversations Kempner had in the park, other than his conversation with the reporter, were not constitutionally protected speech because "he cannot recall the content of these conversations or even the identities of the person involved and because [casual statements] do not rise to the level of constitutionally protected speech." Def.'s Reply at 6. However, even assuming <u>arguendo</u> that casual conversations Kempner had with other park visitors while at the park were not protected speech, it is clear that his conversation with the reporter in particular was speech protected by the First Amendment.

The Town's argument -- that Kempner's conversation with the reporter was not speech because it was secondary to his biking activity -- is unavailing. See Def.'s Reply at 7 n.7. The Town argues that Kemper attempts to "convert" his bicycle riding into protected speech by talking about it. Id. (citing Rumsfeld v. Forum for Academic and Institutional Rights, 126 S.Ct. 1297 (2006)). The Town's argument misstates the point. Kempner's interview with the reporter does not convert his bicycle riding into expressive activity: Kempner's interview with the reporter is expressive activity itself.

Therefore, the court concludes that Kempner has shown that he engaged in speech that is protected by the First Amendment in the past such that he has standing to assert a claim for nominal damages as a result of the constitutional injury he suffered due to Town's prior Beach Access Policy.

3. Kempner's Standing to Assert a Claim for Actual Damages

The Town argues that Kempner cannot assert a claim for actual damages because those damages were incurred to defend the trespass action and respond to the invoice the Town sent him for his unpaid visits. See Def.'s Mem. in Supp. at 11. The Town asserts that none of these fees were incurred as a result of a violation of Kempner's First Amendment rights because he did not engage in any speech during either the ride for which he was summoned, or the twelve subsequent rides for which he was billed. See id. at 11-12. At no point in his brief does Kempner argue that he has suffered actual damages as a result of a Constitutional violation; his only mentions of this claim are the unsupported statement that, "Mr. Kempner has . . . suffered actual damages as a result of his 'arrest' due to the Town's Beach Access Policy" (Pl.s' Mem. at 1), and his claim that, "Plaintiffs are entitled to summary judgment as to all claims

other than Mr. Kempner's claim for actual damages . . . ." (Pl.s' Mem. at 7).

The court notes that plaintiffs state in their Proposed Findings of Fact that, "Mr. Kempner incurred legal expenses in sum of $5.452.45 relating to his 'arrest' and the $120 bill." See Pre-Trial Memo at 4 ¶ 20 (Doc. No. 69). The plaintiffs offer no factual citation to support their claim that these bills were incurred as a result of a constitutional violation and therefore the court cannot consider it in support of plaintiffs' position. Furthermore, plaintiffs did not write a factual summary in their brief, opting instead to "incorporate" their Rule 56(a)(1) Statement and all of their supporting evidence "by reference." See Pl.'s Mem. at 3. The court declines plaintiffs' implied invitation to comb the record for those facts which might establish that Kempner's claimed damages were incurred as a result of a constitutional violation. See Loc.R.Civ.Pro. 56(a)(3).

Federal Rule of Civil Procedure 56 provides that:

> when a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against the party.

FED. R.CIV.P. 56. The court finds that Kempner has not responded to the Town's Motion for Summary Judgment as to his claim for actual damages in accordance with Rule 56. Therefore, the Town's Motion for Summary Judgment is granted as to that claim.

C. Whether the Town's Prior Beach Policies Violated the First Amendment

Only Kempner's claim for nominal damages survives the Town's Motion for Summary Judgment. Kempner moves for summary judgment on that claim. See Pl.s' Mem. at 7. In response to Plaintiffs' Motion, the Town defended only the

13

constitutionality of the current 2008 Beach Access Policy and not previous versions from prior years. See e.g. Def.'s Mem. at 4 (setting out facts pertinent to Town's 2008 Beach Access Policy). The current policy is substantially different from that in effect when Kempner's rights were violated.

Most notably, the Beach Access Fee was ten dollars at the time Kempner initiated this suit. The 2008 Beach Access Fee for non-residents is five dollars for those between 5 and 64 years of age. See Def.'s Mem. in Opp. at 4 (citing Siciliano Affidavit at ¶ 4). The Town's calculations in defense of its 2008 policy demonstrate that the costs to the Town per beach visitor is about $5. See id. at 5 (citing Bainton Decl. Ex. F). Therefore, the Town reasonably does not argue that its current calculations would justify the $10 fee in place at the time Kempner's rights were violated. See e.g. National Awareness Foundation v. Abrams, 50 F.3d 1159, 1165 (2d Cir. 1995) (finding fees "as means to meet the expenses incident to the administration of a regulation and to the maintenance of public order in the matter regulated are constitutionally permissible); U.S. Labor Party v. Codd, 527 F.2d 118, 119 (2d Cir. 1975) (finding fee that was less than the actual cost of the service was a reasonable burden on speech).

Because the Town has not put forth argumentation, or evidence, that prior versions of its Beach Policy were constitutional, summary judgment is granted for Kempner as to his claim for nominal damages.

### D. Manner in Which the Town Dispenses Beach Passes is Not Properly Before the Court as a Ground for Relief

Plaintiffs argue that, "[t]here is no justification for the Town's policy of limiting sales of daily passes." Pl.s' Mem. at 15. As the Town points out, plaintiffs raise this

14

argument for the first time in their Motion for Summary Judgment.  See Def.'s Mem. in Opp. at 21.  Federal Rule of Civil Procedure 8 requires that a pleading that states a claim for relief contain "a short and plaint statement of the claim showing that the pleader is entitled to relief."  FED. R.CIV.P. 8(a)(2).  Plaintiffs did not allege in their Complaint that the manner in which the Town dispenses daily passes to beach visitors was an issue in this case.  In fact, there is no mention of the manner in which passes are dispensed in the Complaint at all.  See Third Amended Complaint.  Nor have plaintiffs filed a motion seeking leave to amend their Complaint to assert this new ground for relief.  See FED. R.CIV.P. 15.  As such, the court finds that the constitutionality of the manner in which the Town dispenses daily passes is not an issue properly before the court and as such cannot be adjudicated at this time.

## IV. CONCLUSION

Based on the preceding, Count One is dismissed for lack of subject matter jurisdiction.  Therefore, the defendant's Motion for Summary Judgment as to Count One is GRANTED and plaintiffs' Motion for Summary Judgment as to Count One is DENIED.  Schwarz's claim for nominal damages in Counts Two and Three are dismissed for lack of subject matter jurisdiction.  Therefore, defendant's Motion for Summary Judgment as to those portions of Counts Two and Three is GRANTED and plaintiffs' Motion for Summary Judgment as to those portions of Count Two and Three is DENIED.  The defendant's Motion for Summary Judgment is GRANTED as to Kempner's claim for actual damages in Counts Two and Three.  The defendant's Motion for Summary Judgment is DENIED, and the Plaintiffs' Motion for Summary Judgment is GRANTED, as to Kempner's claim for nominal damages in Counts Two

and Three.

The court orders Judgment to enter in favor of Kempner on Counts Two and Three in the amount of $1, and in favor of the Town on all other claims.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 20th day of May, 2008.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge